**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

BILLY M. SMITH,

                  Plaintiff,              :        Case No. 3:10-cv-448

                                        District Judge Thomas M. Rose
      -vs-                         Magistrate Judge Michael R. Merz

                                :

MONTGOMERY COUNTY
  SHERIFF'S OFFICE, et al.,

                  Defendants.

---

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

---

        This case is before the Court on Motion to Dismiss of Defendant Montgomery County, Ohio (Doc. No. 23). The Motion was filed and served June 3, 2011; on the same date, Plaintiff was advised of his obligation to file a response not later than June 27, 2011, but had not done so by the time the Magistrate Judge filed a Report and Recommendations on July 13, 2011("Report," Doc. No. 42). Subsequent to the Report but within the time allowed for objections, Plaintiff filed a "Motion in Opposition to Defendant County of Montgomery, Ohio Motion to Dismiss" (Doc. No. 44), "Plaintiff's Objections to Report and Recommendations of Magistrate Judge (Doc. No. 54), and "Plaintiff's Motion for Leave to Supplement Plaintiff's Motion in Opposition to Defendant County of Montgomery, Ohio Motion to Dismiss" (Doc. No. 55). During the preliminary pretrial conference on July 28, 2011, the Magistrate Judge advised the parties he would consider all three of these filings together as a set of objections and would likely file a supplemental report and recommendations. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

        As his excuse for not filing a timely opposition to the Motion to Dismiss, Plaintiff alleges (Affidavit attached to Objections, Doc. No. 54) that he never received the Court's Order to Pro Se Plaintiff (Doc. No. 24) notifying him of the June 27, 2011, date by which he was required to file a response. He does admit receiving the Motion itself from Defendant Montgomery County. *Id.* The

docket shows that this Court sent the Order to Pro Se Plaintiff to Plaintiff's wife, Gail Smith, on June 3, 2011, the date it was filed. Plaintiff had previously instructed the Court to send his mail in care of his spouse. Neither the mail including the Order nor any other mail sent to Plaintiff at that address has ever been returned by the Postal Service; whether or not Plaintiff actually received it was[1] dependent at the time on the diligence of his wife or others at his wife's residence in forwarding it to him. The Court would thus be justified in disregarding his opposition. However, as noted above, Plaintiff's Motion in Opposition was filed within the time for filing objections to the Report and the Court will therefore consider it on the merits.

The Report recommends dismissing Plaintiff's claims against Montgomery County, Ohio, because the claims against it are barred by the two-year statute of limitations applicable to § 1983 claims that arise in Ohio. *See Banks v. City of Whitehall*, 344 F. 3d 550, 551 (6th Cir. 2003), *citing Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(*en banc*). Montgomery County was added to the case on Plaintiff's motion made on March 23, 2011, more than two years after the injuries of which Plaintiff complains, which occurred on February 6, 2009 (Complaint, Doc. No. 6, PageID 42, ¶ 5.)

Part of Plaintiff's argument is that Montgomery County should have voluntarily joined that case as a party defendant under Fed. R. Civ. P. 17 because it is an entity without whom the Court cannot render meaningful relief. The Court does not understand that argument. The individuals who are alleged to have violated Plaintiff's rights and the public entity for whom they work, the Montgomery County Sheriff, have been defendants from the outset. Plaintiff has not shown or even argued why the Board of County Commissioners must also be a party.

Plaintiff also asserts that he acted with due diligence in discovering the facts which led him to add Montgomery County, but he does not say what those facts are or why he could not have discovered them in the almost two years he took to file the original Complaint.

Plaintiff notes that the Court left open, in granting the motion to add Montgomery County, the question whether it was a proper party. He then argues ( PageID 350) that they somehow waived

---

[1] Plaintiff has since instructed the Court to send mail directly to him.

that argument by moving to dismiss on statute of limitations grounds instead.  He argues that the individual Defendants "are, at the very least, under the Defendant Montgomery's control, supervision, or by their authority to be employed by the Montgomery County Sheriff's Office." *Id.* As the Court has previously noted, the Sheriff is an independently elected public official.  His authority to act, including to act by appointing deputies, is derived from statute, not from some delegation by the Board of County Commissioners.  The fact that Montgomery County may have, as Plaintiff alleges, provided funding for a task force on organized crime of which they individual Defendants were members does not make the County liable for the unconstitutional acts of members of that task force.

Plaintiff argues at some length (PageID 353)that he can show that Montgomery County's unconstitutional policies caused his injuries.  Even if that is so, it does not excuse suing Montgomery County after the statute of limitations has run.

Acknowledging that state law sets the limitations period for § 1983 actions, Plaintiff argues that federal law governs when the statute begins to run (PageID 354).  That is correct.  *Wallace v. Kato*, 549 U.S. 384 (2007).  But the standard rule is that the right accrues when a plaintiff has a complete and present cause of action.  *Id*. That is when the plaintiff can file suit and obtain relief. *Id*., *citing Bay Area Laundry& Dry Cleaning Pension Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192 (1997).  Plaintiff here could have filed suit anytime after February 9, 2009.  Plaintiff argues that somehow Montgomery County's failure to act equitably tolled the statute or "that a reasonable time for the County of Montgomery, Ohio, to act upon any violations of laws and Constitutions of the State of Ohio and the United States of America should be at least three (3) months after the event date, February 6, 2009."  (Smith Affidavit, attached to Doc. No. 55, PageID 403, ¶ 5.)  But Plaintiff has not pled any way in which Montgomery County deprived him of any constitutional right by not acting during the three months after February 6, 2009.  And while Plaintiff recites the word "equitable tolling," he has not set forth any facts which would support a finding of equitable tolling.

This is not a situation where the Plaintiff sued the wrong party at the outset and is now seeking to rectify a mistake.  Instead, Plaintiff has attempted to bring in a new party (on a theory

which is unclear to the Court) after the statute of limitations has run.

Based on the foregoing analysis, it is again respectfully recommended that Montgomery County, Ohio, be dismissed as a defendant with prejudice since Plaintiff's claims against it are barred by the statute of limitations.

July 29, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).