# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BILLY M. SMITH,

       Plaintiff,                 :          Case No. 3:10-cv-448

                                        District Judge Thomas M. Rose
    -vs-                                 Magistrate Judge Michael R. Merz
                                :

MONTGOMERY COUNTY
  SHERIFF'S OFFICE, et al.,

       Defendants.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

---

This case is before the Court on Plaintiff's Motion for Order Compelling Defendant Doug Kowalski to Answer, to Further Answer, and Overrule Objections (Doc. No. 86) which Defendant Kowalski opposes (Doc. No. 87).

Plain tiff states that his most serious objection is to the form of verification, claiming that he is entitled to an original and not a copy. The Court finds that the Verification complies with Fed. R. Civ. P. 33 and that the copy furnished to Plaintiff is a duplicate within the meaning of Fed. R. Evid. 1001(e).

The Court rules on the individual Interrogatories as follows:

**Interrogatory No. 1:** Defendant Kowalski shall answer further by disclosing his year of birth. The balance of the information sought by this Interrogatory and not already furnished is protected from disclosure by Defendant Kowalski's status as a peace officer. *Kallstrom v. City of Columbus*, 136 F. 3d 1055 (6th Cir. 1998).

**Interrogatory No. 6:** Defendant Kowalski's objection that obtaining the information sought is unduly burdensome is sustained, given its relative utility in proving the claims in this case. See Fed. R. Civ. P. 26(b)(2)(C).

**Interrogatory No. 7:** Defendant Kowalski's objection that obtaining the information sought is

unduly burdensome is sustained, given its relative utility in proving the claims in this case. See Fed. R. Civ. P. 26(b)(2)(C).

**Interrogatory No. 8:** Defendant Kowalski's vagueness objection to this interrogatory is sustained.

**Interrogatory No. 9:** Defendant Kowalski answered this Interrogatory by referring Plaintiff to certain identified documents ("Kowalski 23-24"). From Plaintiff's objections to the answer, the Court infers that those documents have indeed been produced to Plaintiff but that he regards the production as insufficient to answer his Interrogatory. However, the question was whether any complaint had been made and the answer, inferentially, is yes. The Court finds the answer to be responsive.

**Interrogatory No. 10:** Because the Court has sustained the vagueness objection to Interrogatory No. 8, the Court declines to order any further answer to Interrogatory No. 10.

**Interrogatory No. 11:** Defendant Kowalski's relevance objection regarding present assignment is sustained and his answer to the balance of the Interrogatory is responsive.

**Interrogatory No. 12:** Without ruling on the objections, the Court finds the answer responsive.

**Interrogatory No. 13:** This interrogatory reads "From the time you came on duty on February 5, 2009, in a chronological order describe your actions up to and including your first contact with Plaintiff on February 6, 2009." In addition to objections for vagueness, overbreadth, and burden, Defendant Kowalski objects that this interrogatory "seeks a comprehensive narrative response that offends the purpose of a written interrogatory." Defendant's sole cited authority for this proposition is the opinion of Magistrate Judge Elizabeth Jenkins in *Hendricks v. Mirabilis Ventures, Inc.*, Case No. 8:07-CV-661-T-17EAJ, 2008 WL 423566 (Feb. 13, 2008). Judge Jenkins quotes from her own court's discovery handbook "Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive." This Court agrees with that proposition, but finds it inapplicable to the present case. Plaintiff does not ask for a detailed narrative of "the opposing parties' case," but rather for a chronology of this Defendant's actions. In routine discovery with counsel, this would be the sort of question asked on deposition, but Plaintiff's circumstances do not allow that approach. *See Babcock Swine, Inc. v.*

*Shelbco, Inc.*, 126 F.R.D. 43 (S.D. Ohio 1989)(Merz, M.J.)

On the other hand, Defendant Kowlaski's actions in general are not relevant to the issues in the case. Therefore, Defendant Kowalski is ordered to answer under oath the following interrogatory: "State in detail and in chronological order all the actions you took from the time you came on duty on February 5, 2009, until your first contact with Plaintiff on February 6, 2009, that relate in any way to the incident which brought you into contact with Plaintiff."

**Interrogatory No. 14:** Defendant Kowalski's objections to Interrogatory No. 14 are overruled and he shall answer the interrogatory as propounded.

**Interrogatory No. 15:** Defendant Kowalski's answer to Interrogatory No. 15 is sufficient.

**Interrogatory No. 16:** Defendant Kowalski's answer to Interrogatory No. 16 is sufficient.

**Interrogatory No. 17:** Defendant Kowalski's answer to Interrogatory No. 17 is sufficient.

**Interrogatory No. 18:** Defendant Kowalski's answer to Interrogatory No. 18 is sufficient.

**Interrogatory No. 19:** Defendant Kowalski's answer to Interrogatory No. 19 is sufficient.

**Interrogatory No. 22:** Defendant's overbreadth objection to this Interrogatory is sustained. Any documents in the possession, custody, or control of this Defendant which support his defenses in this case must be produced to Plaintiff and Defendant's counsel must certify to the Court that this has been done.

**Interrogatory No. 23:** Defendant shall answer this Interrogatory further by disclosing his observations, if any, of unholstered firearms or tasers in the possession of any other law enforcement officers during the incident.

**Interrogatory No. 24:** Defendant Kowalski's objections to this Interrogatory are sustained.

**Interrogatory No. 25:** Defendant Kowalski shall answer Interrogatory No. 25 as limited to the following: "Identify by date, participants, and content any communications of which you are aware describing any actions taken toward Plaintiff by you or any other law enforcement officer on February 6, 2009."

All additional discovery ordered herein shall be furnished to Plaintiff with a copy filed with the Court not later than March 30, 2012.

March 14, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge