IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BILLY M. SMITH,                                :

      Plaintiff,                              Case No. 3:10-cv-448

                                              District Judge Thomas M. Rose
   -vs-                                                      Magistrate Judge Michael R. Merz
                                   :

MONTGOMERY COUNTY
  SHERIFF'S OFFICE, et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on several motions which Plaintiff Billy M. Smith filed within a document titled "Plaintiff's Collective Response to All Defendants' Motions for Summary Judgment; Plaintiff's Objections to Affidavits Supporting Motions for Summary Judgment; Motion Objecting to Undisclosed Evidence and Testimony; Motion for Further Discovery; and Motion for Leave to Amend and Supplement Complaint". Doc. 126. The Court is treating the Motions contained within that document as separately filed Motions. Doc. 127. The parties have fully briefed the issues raised in those motions, *Id.,* Doc. 129, 130, 131, 132, 135,   and the matters are ripe for decision.

At the outset, the Court notes that Mr. Smith is acting *pro se.* The allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.   *Williams v. CSX Transportation Co., Inc*. 643 F.3d 502, 510 (6th Cir, 2011), citing *Federal Exp. Corp. v, Holowecki,* 552 U.S. 389, 402 (2008);   see also, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).

Plaintiff Billy M. Smith filed this action pursuant to 42 U.S.C. § 1983 against the

1

Defendants alleging that they violated his various constitutional rights when Defendants executed a search warrant on his residence on February 6, 2009. Doc. 13. Specifically, Mr. Smith claims that the individual Defendants violated

(1) his Fourth and Fourteenth Amendment rights by: (1) unlawfully and wrongly seizing his person, causing him unlawful detention on serious charges that they knew or should have known were false; (2) unlawfully and wrongly seizing his person in clear violation of due process; and (3) unlawfully and wrongly seizing his person causing him severe injuries and pain;

(2) his Fifth and Fourteenth Amendment rights by: (1) knowingly and willfully submitting false data regarding the actions or omissions that led to or justified his detention; (2) conspiring to suborn perjured law enforcement and witness testimony; (3) knowingly, willfully, and wrongly concealing information that would have assisted him in his defense against serious criminal charges; (4) knowingly, willfully, and wrongfully subjecting him to lengthy, burdensome, and painful interrogation; and (5) knowingly, willfully, and wrongfully restraining or obstructing his due process right to legal counsel; and

(3) his Sixth and Fourteenth Amendment rights to: (1) legal counsel; (2) proper and just due process: and (3) equal protection under the law while being seized, being detained, being injured and in pain, and being put to a lengthy and burdensome investigation.

Complaint Doc. 13 at 4-6, PageID 189-91.

In addition, Mr. Smith alleges that Defendant Montgomery County Sheriff's Department and Montgomery County, Ohio, violated his Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution by

(1) failing to prevent defendants Hild, Henson, Gardiner, and Kowalski from performing law enforcement functions after they had used unnecessarily extreme, excessive, and

2

>
> abusive force during the performance of their duties;
>
> (2) failing to notify the Montgomery County Prosecutor's Office or the United States District Attorney's Office that Defendants Hild, Henson, Gardiner, and Kowalski were using unnecessarily extreme, excessive, and abusive force during the performance of their duties, when it had knowledge of the problem and knew or should have known these defendants were filing information for charging him with criminal offenses and the preparing and filing data and reports which were presented to a court of law knowing the information, data, and reports were falsely accusing him; and
>
> (3) failing to notify his attorney or the Montgomery County Prosecutor's Office or the United States District Attorney's Office that Defendants Hild, Henson, Gardiner, and Kowalski were falsifying their case files.

Doc. 13 at 7-8, PageID 192-93. The Court previously granted Montgomery County's Motion to Dismiss and it is no longer a party to this action. Doc. 42, 56, 58.

Finally, Mr. Smith alleges that "yet unknown specific defendant" violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments in various ways. Doc 13 at 8-9, PageID 193-94.

**Objections to Various Affidavits**

Mr. Smith objects to the affidavits that Defendants have filed in support of their Motions for Summary Judgment and requests that the Court strike each affidavit. Doc.126, Attachment 1 thereto, PageID 2146-99.  Mr. Smith has made several rambling arguments as to why the Court should strike the affidavits. *Id.*  Mr. Smith seems to raise two general arguments as to why the Court should strike the affidavits: first, because there is no evidence to substantiate the affiants' personal knowledge; and second, because the affiants have refused to be deposed, examined or cross-examined on the matters contained in their affidavits.  The thrust of Mr. Smith's arguments is that he disagrees with the facts contained in the various affidavits.

"By definition an affidavit is a 'sworn statement in writing made … under oath or on affirmation before … an authorized officer." *Sfakianos v. Shelby County Government,* No. 11-5658, 2012 WL 2044372 at *1 (6th Cir. June 6, 2012), *quoting, Mason v. Clark,* 920 F.2d 493, 495 (8th Cir. 1990)(citation omitted). Fed.R.Civ.P. 56(c)(4) provides that an affidavit used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters about which he or she stated.

This Court has reviewed each of the affidavits which the Defendants have submitted in support of their respective motions for summary judgment. Contrary to Mr. Smith's various arguments, the Court finds that each affiant: (1) swore that he made the affidavit on his personal knowledge; (2) set out facts that would be admissible in evidence; and (3) showed that he was competent to testify on the matters stated. In addition, each affidavit is in writing and was made under oath before an authorized officer, that is, a notary public.

To the extent that Mr. Smith is objecting to the contents of the various affidavits because he disagrees with the facts set forth therein, that simply is not a basis for the Court to reject the affidavits. See *Cottenham v. Saginaw County,* No. 00-73817, 2001 WL 558235 at *3 (E.D. Mich. Mar. 9, 2001).

Mr. Smith takes issue with the affidavits at issue on the basis that the affiants have refused to be deposed, examined, or cross-examined on the matters contained in their affidavits. However, Mr. Smith's argument indicates a misunderstanding of the proceedings in this matter as well as the litigation process in federal court.

On July 28, 2011, this Court entered a Scheduling Order designating , *inter alia,* May 1, 2012, as the deadline for discovery as well as June 1, 2012, as the deadline for motions not directed to the pleadings which includes motions for summary judgment. Doc. 53. Mr. Smith's position indicates a misunderstanding of summary judgment practice. First, Mr. Smith has not sought leave

4

of Court to extend the discovery deadline. Second, the Rules simply do not provide for allowing a litigant to depose or cross-examine an affiant after the affidavit has been submitted in support of, or in opposition to, a motion for summary judgment once the discovery deadline has passed. Mr. Smith's objection to the affidavits on the basis that he was not able to depose the affiants is not well taken.

Mr. Smith's objections to the various affidavits are not well taken and are overruled.

**Motion Objecting to Undisclosed Evidence and Testimony**

The Court now turns to Mr. Smith's Motion Objecting to Undisclosed Evidence and Testimony. Doc. 127. In that document, Mr. Smith argues that the Court should not use certain documents which the various Defendants submitted. Mr. Smith's position seems to be that the Court should not consider the documents on the basis Defendants did not provide the documents to him during discovery. Presumably, Mr. Smith's position is that he has been "surprised" by Defendants' identification of certain witnesses and the use of their affidavits as well as the materials attached thereto. The materials with which Mr. Smith takes issue include the affidavits of Daniel Schweitzer, William Couch, Brad Williams, M.M Hartman, Mathew Gallagher, and Ray Dratt as well as documents attached to those affidavits.

The Court notes first that the parties have engaged in extensive discovery in this matter. That fact is reflected by the 439 pages of exhibits that Mr. Smith filed in support of his present motion. Doc 127, Exs. 1 through 28 thereto, PageID 2207-2646.

On November 22, 2011, Mr. Smith filed a lay witness list and specifically identified 28 witnesses he intends to call at trial, Doc. 69, PageID 472-78, and on May 18, 2012, Mr. Smith essentially amended his lay witness list and identified 62 witnesses. Doc. 94, PageID 838-52. Mr. Smith himself has previously identified Daniel Schweitzer, William Couch, Brad Williams, M.M. Hartman, Mathew Gallagher, and Ray Dratt as witnesses *he* intends to call at trial. Doc. 69 at 5-6, PageID 476-477; Doc. 94 at 5-6, 8-9; PageID 842-43, 845-46. Clearly, Mr. Smith knew of the

existence of the affiants about whom he complains. To the extent that Mr. Smith claims that the Court should not consider the affidavits of those individuals on the basis that Defendants did not provide their names to him or on the basis of unfair surprise, that claim simply is not credible.

Mr. Smith also takes issue with many documents which are attached to the various affidavits. Specifically, Mr. Smith claims that Defendants never provided him with a copy of the affidavit for the search warrant, the search warrant, the search warrant return, the Warren County Drug Task Force Receipt for Property, the Miranda waiver form, documents associated with the Federal Bureau of Investigation (FBI) file, and documents associated with "Case No. 2009CRB00209". Doc. 127 at 75, PageID 2200.

First, with respect to the documents associated with "Case No. 2009CRB00209", Mr. Smiths Amended Complaint makes it clear that he is aware of the existence of that matter. Doc. 13 at 13, PageID 198. In addition, as reflected by Mr. Smith's allegations in his Amended Complaint, that matter is one of public record and documents related to that are public records available to Mr. Smith upon request. In fact, the record reveals that on April 15, 2012, Mr. Smith requested from the Clerk of Court of Montgomery County Municipal Court a copy of the criminal complaint in that matter. Doc. 101, Attachment 11 thereto, PageID 1047. In response, the clerk provided Mr. Smith with a copy of the case file. *Id.*, PageID 1048-72.

As to the affidavit for search warrant, search warrant, the search warrant return, and the receipt for property, in his initial filings in this Court, Mr. Smith acknowledged the existence of a search warrant. Doc. 1 at 2, PageID 2; Doc. 6 at 2, PageID 42. In addition, the affidavit evidence in this matter reveals that when the law enforcement officers executed the search warrant, they left with Mr. Smith a copy of the warrant and a receipt of the items they seized. Affidavit of Daniel Schweitzer, May 31, 2012 Doc. 100, Attachment 2 thereto, PageID 919-21; see also, Doc. 101, Attachment 2 thereto, PageID 1009-11 ("Schweitzer Aff."). Therefore, Mr. Smith either had possession of or at least knew of the existence of the documents about which he complains.

Mr. Smith also complains that Defendants failed to provide him with the Miranda Waiver form involved in his February 6, 2009, interview. Again, however, the record reveals that Mr. Smith executed that form on February 6, 2009, a fact that Mr. Smith does not dispute. Doc. 100, Attachments 3 and 6 thereto, PageID 925, 1031; see also Doc. 101, Attachments 6 and 7 thereto, PageID 930, 1036. As with the search warrant and related documents, Mr. Smith knew of the existence of the Miranda Waiver form and knew that he had executed that form.

Finally, Mr. Smith alleges that Defendants failed to provide him with the documents associated with the FBI's file with respect to his request that the FBI investigate the facts surrounding the February 6, 2009, incident which gave rise to the current action. Again, however, the record reveals that Mr. Smith was aware of the existence of the FBI's file. Doc. 127, Attachment 26 thereto, PageID 2527-34. Specifically, the FBI file came into existence when Mr. Smith requested the FBI investigate the February 6, 2009, Mr. Smith knew that Special Agent Hartmann had come to the facility where Mr. Smith is incarcerated to interview him, and knew how to request the file from the FBI. *Id.*

Mr. Smith's suggestion that he was "surprised" by any of Defendants' uses of the complained-of testimony and documents is not well taken. Accordingly, his Motion Objecting to Undisclosed Evidence and Testimony, Doc. 127, is denied.

**Motion for Further Discovery**

Pursuant to Fed.R.Civ.P. 56(d) and (e), Mr. Smith has moved to conduct further discovery. Doc. 127 at 76-78, PageID 2201-03. In support of his motion, Mr. Smith argues that he in entitled to further discovery in light of Defendants' failures to produce the evidence and documents discussed above. Mr. Smith also argues that he is entitled to additional discovery because he "has been made aware of persons who's [sic] identity has been undisclosed and the unidentified persons' acts and omissions are relevant to the allegations and claims as stated in [his] Complaint." PageID 2201.

Amendments to Fed. R. Civ. P. 56 took effect on December 1, 2010. Much of the case law on motions for additional discovery under Rule 56 discusses the former subdivision (f). The comments to the 2010 amendments indicate that "Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Fed.R.Civ.P. 56 Advisory Committee's Notes 2010 Amendments. Other than recasting subdivision (f) as subdivision (d) and some other stylistic changes, the new subdivision (d) does not significantly differ from the former version of the rule. Therefore, the case law construing the former Rule 56(f) continues to control the application of the newer Rule 56(d).

Rule 56(d) establishes the proper procedure to be followed when a party concludes that additional discovery is necessary to respond to a motion for summary judgment:

> **(d) When Facts Are Unavailable to the Nonmovant.**
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed.R.Civ.P. 56(d). Rule [56(d)] is intended to provide a mechanism for the parties and the court "to give effect to the well-established principle that the plaintiff must receive a full opportunity to conduct discovery to be able to successfully defeat a motion for summary judgment." *Cardinal v. Metrish,* 564 F.3d 794, 797 (6th Cir. 2009)(citation omitted). Stated differently, "before ruling on summary judgment motions, a district judge must afford the parties adequate time for discovery, in light of the circumstances of the case." *Plott v. General Motors Corp.,* 72 F.3d 1190, 1195 (6th Cir. 1995), *cert. denied,* 517 U.S. 1157 (1996).

The affidavit or declaration that Rule 56(d) requires must "indicate to the district court the party's need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information". *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir.

2000)(citation omitted). Whether to grant a Rule 56(d) motion falls within the district court's discretion. *Ball v. Union Carbide Corp.,* 385 F.3d 713, 720 (6th Cir. 2004). A motion under [Rule 56(d) may be properly denied where the requesting party "makes only general and conclusory statements [] regarding the need for more discovery or where the affidavit or declaration lacks any details or specificity." *Id.* (citations omitted).

To the extent that Mr. Smith argues that he is entitled to additional discovery on the basis that Defendants failed to disclose to him the names of the affiants, their affidavits, and the documents about which he complained in his Motion Objecting to Undisclosed Evidence and Testimony, the Court rejects that argument for essentially the same reasons the Court rejected it *supra.* That is, the record, including Mr. Smith's own filings, belies his claims of not being aware of the existence of the affiants, their roles as witnesses, or of the identified documents as well as any claim of "surprise" by Defendants' reliance on those witnesses and documents in support of their Motions for Summary Judgment.

In addition, Mr. Smith alleges that he is entitled to engage in further discovery because Defendants have failed to disclose to him the identities of persons who were present at his residence on February 6, 2009. Doc. 127 at 77, PageID 2202. Specifically, Mr. Smith claims that Defendants have not disclosed to him "the relevant persons that were present at my residence on February 6, 2009" and that those persons "whom have not been duly disclosed are now stating in an affidavit that they have done actions or omissions on the date of February 6, 2009, that are alleged or claimed in [his] Complaint." Doc. 127, Attachment 25 thereto at 4; PageID 2507.

This Court has already addressed the issues of Mr. Smith being aware of the existence of those individuals who were present at his residence on February 6, 2009, and who provided affidavits in conjunction with Defendants' motions for summary judgments. That is, Mr. Smith himself identified those individuals as witnesses on his own witness lists and therefore admittedly is and was well aware of their roles in the February 6, 2009, events.

Mr. Smith has failed to satisfy Rule 56(d) primarily because he has failed to explain what material facts he hopes to uncover and why he has not previously discovered the information because he already has the facts about which he complains and because he has previously discovered, or knew where to obtain, that information. Mr. Smith's Motion for Further Discovery, Doc 127, is denied.

**Motion for Leave to Amend and Supplement Complaint**

The Court turns to Mr. Smith's Motion for Leave to Amend and Supplement Complaint. Mr. Smith seeks to

> amend and supplement his Complaint to: (a) conform to newly discovered facts and evidence; (b) add parties who are relevant to the allegations and claims in the Complaint that are not parties at this time (pursuant to Rule 19 and 20); and (c) to amend and supplement Complaint in that the relation of the facts that were alleged and claimed in the Plaintiff's Complaint relates back to the present Complaint's allegations' and claims' acts or omissions, thereby amends pursuant to Fed.R.Civ.P. 15(c).

Doc. 127 at 78-79, PageID 2203-04. Essentially, Mr. Smith seeks to amend his Complaint to add Brad Williams, Matthew Gallagher, M.M. Hartman, Ray Dratt, William Couch, and Daniel Schweiter as defendants in this action. However, Mr. Smith has not identified the claims he would bring against these individuals if the Court grants his Motion.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
>
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.   In considering whether to grant motions to amend under Rule 15, a court should

consider whether the amendment would be futile, *i.e.,* if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman,* 371 U.S. at 182. In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "Delay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Once the scheduling order's deadline [for amending pleadings] passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003)(citation omitted).

The Court issued its Preliminary Pre-Trial Order on July 28, 2011, in which the Court set the deadline for filing motions to amend the pleadings and/or to add parties as December 1, 2011. Doc. 53 at 2, PageID 390. However, Mr. Smith did not file his present Motion for Leave to Amend and Supplement Complaint until July 20, 2012, more than seven months after the deadline. Doc. 126, 127. Accordingly, Mr. Smith must first show good cause for failing to earlier seek leave to amend his Complaint.

Again, Mr. Smith bases his arguments on his claim that Defendants failed to disclose to him the names of the individuals whom he now seeks to add as defendants. That is, Mr. Smith's position is that the Court should permit him to amend his Complaint to add Brad Williams, Matthew Gallagher, M.M. Hartman, Ray Dratt, William Couch, and Daniel Schweiter as defendants. Mr. Smith further claims that it was not until Defendants filed those individuals' affidavits in support of their motions for summary judgment that he became aware of additional acts or omissions which can be attributed to those individuals and which are relevant to his claims.

Once again, however, what Mr. Smith fails to realize is that he has been aware that Messrs.

Williams, Gallagher, Hartman, Dratt, Couch, and Schweiter were involved in the events of February 6, 2009. Mr. Smith first identified those individuals as his own witnesses on November 22, 2011, prior to the December 1, 2011, deadline for filing motions to amend the pleadings and/or to add parties. Yet, Mr. Smith waited over seven months to seek leave to amend. Under these facts, the Court concludes that Mr. Smith has simply failed to show good cause for failing to earlier seek leave to amend his Complaint.

In addition to Mr. Smith's failure to show good cause, this Court finds that Defendants would be prejudiced if the Court permitted Mr. Smith to amend at this stage of the litigation. First, as noted, the parties have engaged in extensive discovery in this case. That is reflected by the numerous discovery-related motions that the parties have filed. See, *e.g.,* Doc. 70, 71, 73, 80, 81, 82, 83, 84, 86. Further, Defendants have filed Motions for Summary Judgment, Mr. Smith has filed Motions for Partial Summary Judgment, and the parties have extensively briefed those motions. See, *e.g.,* 100, 126, 129; Doc. 101, 126, 136; Doc 110, 123; Doc. 111, 117; Doc. 112, 124; Doc. 121, 133; Doc. 122, 134; Doc. 127, 130, 131, 132, 135. There have been over 2720 pages of motions, briefs, Orders, and documents filed in this case. To allow Mr. Smith to amend his Complaint at this stage of the litigation to bring undisclosed claims which would require the parties to re-litigate discovery and summary judgment issues would prejudice Defendants.

Mr. Smith's Motion for Leave to Amend and Supplement Complaint, Doc. 127, is denied.

September 13, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge
