IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BILLY M. SMITH, :

    Plaintiff,                                     Case No. 3:10-cv-448

                                          District Judge Thomas M. Rose
    -vs-                                   Magistrate Judge Michael R. Merz

                                        :

MONTGOMERY COUNTY
 SHERIFF'S OFFICE, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Motion for Relief from Judgment (Doc. No. 144), filed and served January 28, 2013. Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1) from the final judgment of this Court entered December 10, 2012, which dismissed this case with prejudice. Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for report and recommendations.

The docket reflects that the Magistrate Judge's Report and Recommendations on the cross-motions for summary judgment was filed October 9, 2012 (Doc. No. 138). As required by Sixth Circuit precedent, Plaintiff was advised that he could file objections by October 26, 2012. He sought and received an extension of time to December 1, 2012, to file objections, but did not file any by that date or indeed within the next ten days. All told, Plaintiff had sixty-two days in which to file objections, but did not do so and Judge Rose adopted the Report.

Smith now seeks relief under Fed. R. Civ. P. 60(b)(1) which provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence,

1

surprise, or excusable neglect" . . . "In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense." *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), citing *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957)[1].

Smith claims he relied in good faith on another person, one Stephen Clemmons, with whom he had begun to work while Clemmons was incarcerated with Smith. Smith alleges Clemmons has a business, American Correctional Service, LLC., in Columbus, Ohio, Clemmons was supposed to provide Smith with assistance in completing objections to the Report and Recommendations.

Litigants in federal court are permitted to conduct their cases *pro se* or to conduct them through licensed attorneys. The Ohio Supreme Court controls both the licensing of attorneys in the first instance and discipline of attorneys when they engage in fraudulent activity, such as taking money from clients and then not performing the promised services. But there is no such protection with respect to unlicensed persons who purport to provide legal services. American Correctional Service LLC is not authorized to make any filings in this Court or indeed to take any legal action on behalf of anyone. While a *pro se* litigant is allowed to obtain assistance from

---

[1] Smith recites that default judgments are disfavored, but no default judgment was entered here. This case has been vigorously litigated for more than two years.

anyone he pleases, he remains responsible for meeting court deadlines and following court procedure. He cannot shift the blame to an unlicensed person who appears to be engaged in the unauthorized practice of law. Even if Mr. Smith were represented in this matter by an attorney, he would be responsible for the attorney's mistakes. *Pioneer Investment v. Brunswick*, 507 U.S. 380, 396 (1993).

Smith has given the Court only the bare bones of his relationship with Clemmons. We are not told when Clemmons began assisting Smith or when Clemmons was released from prison. Smith's affidavit says he sent the Report and Recommendations to Clemmons on October 23, 2012[2], already two weeks after it was filed and without having requested or received an extension of time to file objections. When he did ask for more time, he did not tell the Court that he was using outside help (Motion, Doc. No. 141). When he was unable to reach Clemmons, he did not advise the Court of that fact and ask for more time. The Magistrate Judge is unable to find that Smith's neglect is excusable.

Smith also asserts that no party will suffer prejudice as a result of granting relief. That claim misses the whole point of prejudice. Defendants have litigated this case vigorously, completed discovery, filed for summary judgment, and defended themselves against Smith's motion for partial summary judgment. They were successful. To grant the Motion would be to put them back where they were before the discovery cut-off and summary judgment filing deadline, at least if the Court were to recognize Smith's claim to submit more evidence. The Court's Scheduling Order would have had this case tried, if summary judgment had not been granted, during the week of January 14, 2013. Along with losing the finality of the summary judgment granted in their favor, Defendants would also lose the firm trial date they had been given by Judge Rose.

Smith asserts he has "meritorious arguments to rebut the Report and Recommendations."

---

[2] Interestingly, Smith claims at PageID 2769 that he did not receive the Report until October 25, 2012, two days after he allegedly sent it to Clemmons.

(Motion, Doc. No. 144, PageID 2780).  He did not, however, tender a set of objections with his Motion for Relief, but has outlined his argument in four areas.  *Id.* at PageID 2782-2785.

1. **Fourteenth Amendment Does Not Apply Only to Race**

Smith asserts "[t]he conclusion of the magistrate that the 14th Amendment applies only to race is not correct."  However, he gives no reference to any place in the Report and Recommendations where it is asserted that the Fourteenth Amendment applies only to race.  The only place the word "race" is mentioned in the Report is in the following quotation from the Supreme Court:  "The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the prevention of official conduct discriminating on the basis of race." (Report, Doc. No. 138, at PageID 2752, quoting *Washington v. Davis,* 426 U.S. 229, 239 (1976)).  Obviously the Fourteenth Amendment has a much wider application than the prohibition of race discrimination.  What the Report did say with respect to the Fourteenth Amendment Equal Protection Clause was:

> Mr. Smith has not alleged nor come forward with any evidence that he is a member of a suspect class or that Defendants intentionally treated him differently from other[s] who are or were similarly situated without any rational basis for the difference. To the extent that Mr. Smith has made claims against Defendants pursuant to the Equal Protection Clause of the Fourteenth Amendment, there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law on those claims.

(Report, Doc. No. 138, PageID 2752.)  Smith has certainly not come forward with any evidence of an equal protection violation in his Motion for Relief.

2. **Excessive Force Findings**

4

The Report found that police were at Smith's house to execute a search warrant and that he resisted arrest, requiring the use of force to effectuate the arrest. The police had reason to believe he was armed and firearms were found in the house, leading to Smith's conviction for being a felon in possession of a firearm, Smith having previously been convicted of a felony.

Smith says his entire claim is that too much force was used and "[f]act issues and evidence that would be presented at trial should properly preclude summary judgment on the excessive force issue." (Motion, Doc. No. 144, PageID 2783.) Smith does not point to any place in the record where he has submitted that evidence, except photographs of himself afterwards which he says depict the injuries he suffered. A plaintiff faced with a properly documented summary judgment motion cannot say "just wait until trial," but must come forward with admissible evidence in opposition to the motion for summary judgment. On this claim Smith does not even now point to competent evidence of excessive force.

3.  **Deliberate Indifference to Serious Medical Needs.**

With respect to his claim that the arresting officers were deliberately indifferent to his serious medical needs, Smith again argues that there is evidence he would bring forward at trial. But such evidence was needed at the time of summary judgment. Smith himself admitted he was dazed and could not remember most of what happened after he was subdued. He did not dispute evidence presented by Defendants that they called an ambulance to take him to the hospital. Smith also presented no objective medical evidence of the seriousness of his condition, either in opposition to the motions for summary judgment or with his Motion to Vacate.

5

### 4. Fourth Amendment Claim

On this point Smith argues: "Smith can and will offer evidence at trial that the warrant and the return of warrant were procured at the SAME TIME by the police – and this factbound issue now precludes summary judgment on the 4th Amendment issue." (Motion, Doc. No. 144, PageID 2784.) Smith certainly did not offer any such evidence in opposition to the Motions for Summary Judgment, nor does he offer it now. Even if he had such evidence, any claim under the Fourth Amendment would be precluded by his guilty pleas in the underlying criminal cases which remain unmodified. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Jacob v. Township of West Bloomfield*, 531 F.3d 385, 388 (6th Cir. 2008).

### Conclusion

Smith has not shown excusable neglect nor that he presented evidence in opposition to Defendants' motions for summary judgment which created material issues for trial. He certainly has not shown Defendants would not be prejudiced by granting his Motion for Relief from Judgment. That Motion should be denied.

January 30, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).