# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

BILLY M. SMITH,                        :

          Plaintiff,                     Case No. 3:10-cv-448

                                     District Judge Thomas M. Rose
     -vs-                              Magistrate Judge Michael R. Merz
                         :

MONTGOMERY COUNTY
  SHERIFF'S OFFICE, et al.,

          Defendants.

---

# REPORT AND RECOMMENDATIONS

---

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (*Smith v. Montgomery County Sheriff's Office*, Case No. 13-3164, Order of March 26, 2013, copy at Doc. No. 153). That Court decided that the Magistrate Judge's Decision and Deficiency Order (Doc. No. 149) was null and void because *ultra vires* and remanded the case for the District Court to decide whether to grant Plaintiff's Motion for Extension of Time to File Appeal (Doc. No. 147).[1]

Because this case was filed *pro se*, it was referred to the Magistrate Judge by the Dayton location of court General Order of Assignment and Reference. As noted by the Court of Appeals, Magistrate Judges do not have authority to rule on post-judgment motions such as this one (Doc. No. 153, PageID 2830, *citing Massey v. City of Ferndale*, 7 F.3d 506, 509-10 (6th Cir. 1993)). Accordingly, the Magistrate Judge makes findings of fact and a recommended disposition of the Motion for Extension of Time to File Appeal as required for post-judgment

---

[1] The Court of Appeals instructed us to "allow defendants-appellants a reasonable time to respond to Smith's motion before adjudication." (Doc. No. 153, PageID 2830.) Upon remand the Court set a date for response which was equal to the time the Court allows for a memorandum in opposition to a motion and then allowed Plaintiff time to reply (Doc. No. 154).

motions referred under 28 U.S.C. § 636(b)(3).

Defendants have filed a consolidated Memorandum in Opposition (Doc. No. 155) and Plaintiff has filed a Reply in Support (Doc. No. 156).  Having considered the positions of the parties and the docket, the Magistrate Judge makes the following findings regarding relevant procedural facts.

On October 9, 2012, the Magistrate Judge filed a Report and Recommendations recommending, on cross-motions for summary judgment, that the case be dismissed with prejudice.  As is standard practice with this Magistrate Judge, the last page of the Report contained the following Notice:

### NOTICE REGARDING OBJECTIONS

> Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

(Report, Doc. No. 138, PageID 2762.)  Seventeen days after October 9, 2012, is October 26, 2012.  Defendants assert that "Smith did not file timely written objections within the 14 day period following the issuance of the Magistrate Judge's Report and Recommendations.  Instead, on November 5, 2012, well after the 14 day period had already expired, Smith sought an extension of time to file his objections."  (Memo in Opp. Doc. No. 155, PageID 2838.)  While

motion for extension was not received by the Court until November 5, 2012, it is deemed filed as of the date Smith deposited it in the prison mail system, which he certified was October 31, 2012 (Doc. No. 141, PageID 2770).  That was still five days after the objection period expired, but Smith averred he had only received the Report on October 25, 2012.  *Id.* at PageID 2769.  Smith sought a ninety-day extension, but the Magistrate Judge granted him only until December 1, 2012, to file the objections (Notation Order, November 6, 2012).  Smith had filed nothing as of December 10, 2012, nine days after the extended objection period ended, and Judge Rose adopted the Report and entered the Judgment (Doc. Nos. 142, 143) from which Smith seeks to appeal. The docket shows the Order and Judgment were mailed to Smith on December 10, 2012; the next thing he filed was a Motion for Relief from Judgment which he asserts he mailed on January 25, 2013, and the Court received on January 28, 2013 (Doc. No. 114-1, PageID 2791). Two days later, on January 30, 2013, the Magistrate Judge recommended denying the Motion for Relief from Judgment (R&R, Doc. No. 145).  Judge Rose adopted that Report on February 28, 2013, over Smith's Objections (Doc. No. 152).  Smith has never appealed from denial of the Rule 60(b) Motion.

### Standard for Granting an Extension of Time

As the Court of Appeals noted in its remand order, Smith's Motion for Extension under Fed. R. App. P. 4(a)(5) was timely filed on February 5, 2013, and this Court therefore has jurisdiction to decide it (Doc. No. 153, PageID 2830).  That rule also provides the moving party must show either excusable neglect or good cause.

Defendants assert that the "good cause" branch of this rule is available only in cases

where the motion to extend is filed before the time to appeal expires, citing *Marsh v. Richardson*, 873 F.2d 129 (6th Cir. 1989), and *Douglas v. Swing*, 2011 U.S. Dist. LEXIS 120212 (S.D. Ohio 2011), *aff'd*, 2012 U.S. App. LEXIS 21371 (6th Cir. 2012)(Memo in Opp., Doc. No. 155, PageID 2840).  However, *Marsh,* on which *Douglas* relies, was decided under Fed. R. App. P. 4(a)(5) as it existed after the 1979 amendments:

> Although the language of the rule allows extension of time upon a showing of either "good cause" or "excusable neglect," the Advisory Committee Notes state that "good cause" is applicable *only* to cases where the motion to extend is filed before the 30-day time period expires. Advisory Committee Notes to 1979 Amendment to Fed. R. App. P. 4(a)(5). Thus, the District Court erred in evaluating respondent's motion under the "good cause" standard. The grant of the extension should be evaluated under the "excusable neglect" standard.

873 F.2d at 130.  However, this Rule was again amended in 2002 to eliminate this distinction which, although made by many courts of appeals, was based on a misunderstanding of what the Supreme Court had adopted.  Of the proposed amendment in 2002, the Advisory Committee wrote:

> ***Subdivision (a)(5)(A)(ii).*** Rule 4(a)(5)(A) permits the district court to extend the time to file a notice of appeal if two conditions are met. First, the party seeking the extension must file its motion no later than 30 days after the expiration of the time originally prescribed by Rule 4(a). Second, the party seeking the extension must show either excusable neglect or good cause. The text of Rule 4(a)(5)(A) does not distinguish between motions filed prior to the expiration of the original deadline and those filed after the expiration of the original deadline. Regardless of whether the motion is filed before or during the 30 days after the original deadline expires, the district court may grant an extension if a party shows either excusable neglect or good cause.
>
> Despite the text of Rule 4(a)(5)(A), most of the courts of appeals have held that the good cause standard applies only to motions brought prior to the expiration of the original deadline and that the excusable neglect standard applies only to motions brought during

4

the 30 days following the expiration of the original deadline. *See Pontarelli v. Stone*, 930 F.2d 104, 109–10 (1st Cir. 1991) (collecting cases from the Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits). These courts have relied heavily upon the Advisory Committee Note to the 1979 amendment to Rule 4(a)(5). But the Advisory Committee Note refers to a draft of the 1979 amendment that was ultimately rejected. The rejected draft directed that the good cause standard apply only to motions filed prior to the expiration of the original deadline. Rule 4(a)(5), as actually amended, did not. *See* 16A Charles Alan Wright, et al., Federal Practice and Procedure §3950.3, at 148–49 (2d ed. 1996).

\* \* \*

Rule 4(a)(5)(A)(ii) has been amended [in 2002] to correct this misunderstanding and to bring the rule in harmony in this respect with Rule 4(b)(4). A motion for an extension filed prior to the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause. Likewise, a motion for an extension filed during the 30 days following the expiration of the original deadline may be granted if the movant shows either excusable neglect or good cause.

Advisory Committee Note to 2002 Amendment to Fed. R. App. P. 4(a)(5)(A)(ii). The Rule as amended in 2002 and presently in effect provides

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Because Mr. Smith filed the Motion for Extension within thirty days of the date on which the time to appeal ran, he can receive an extension if he has shown either good cause or excusable neglect. Nevertheless, these two standards are distinct. Again as explained by the

5

Advisory Committee:

> The good cause and excusable neglect standards have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

> Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all. Similarly, the excusable neglect standard can apply to motions brought prior to the expiration of the original deadline. For example, a movant may bring a pre-expiration motion for an extension of time when an error committed by the movant makes it unlikely that the movant will be able to meet the original deadline.

Advisory Committee Note to 2002 Amendments to Fed. R. App. P. 4(a)(5)(A)(ii).

Based on the 2002 amendments, *Marsh* is no longer good law.  Without adverting to *Marsh*, the Sixth Circuit, in affirming the District Court's decision in *Douglas v. Swing, supra,* recognized the either good cause or excusable neglect could be shown on a timely motion to extend:

> Federal Rule of Appellate Procedure 4(a)(5) allows a district court to extend the time to appeal upon a motion filed not later than thirty days after the expiration of the time for filing a notice of appeal, on a showing of excusable neglect or good cause. The motion for an extension in this case was timely filed. A ruling on a motion for an extension of time to appeal is reviewed for an abuse of discretion. *Barnes v. Cavazos*, 966 F.2d 1056, 1061 (6th Cir. 1992). A showing of good cause requires a demonstration that forces beyond the control of the appellant prevented him from filing a timely notice of appeal. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006). In this case, counsel argued that he

miscalculated the date for filing the notice of appeal and that Douglas did not pay a retainer until after the time for the appeal had expired. Both of these reasons were entirely within the control of Douglas and his counsel. Therefore, these reasons do not establish good cause to extend the appeal period. Excusable neglect is a strict standard that will be found only in extraordinary cases. *Id.* Miscalculation of the filing deadline does not constitute excusable neglect. *Barnes*, 966 F.2d at 1061-62. Moreover, the district court did not abuse its discretion in concluding that counsel's failure to receive a retainer did not excuse his neglect in failing to file a timely notice of appeal.

*Douglas v. Swing*, 2012 U.S. App. LEXIS 21371 **4-5 (6th Cir. 2012).

## Application of the Standard

Whatever distinction the Advisory Committee may have intended, Smith conflates the good cause and excusable neglect standards in his Motion.  He notes that he is *pro se* and "not versed in the law."  (Motion, Doc. No. 147, PageID 2812.)  He was, he says, relying on another inmate to prepare his never-filed objections to the R&R recommending summary judgment for the Defendants.  *Id.* That inmate left the prison and Smith says he did not realize his objections had not been filed until he received Judge Rose's Order and Judgment.  *Id.* He claims he received the Order and Judgment "during a time of peak inactivity and staff unavailability at his place of confinement over the holiday season."  *Id.* Rather than filing a notice of appeal, he turned his attention and energy first to preparing the Motion for Relief from Judgment.  *Id.*

Smith has not established "good cause" as the Advisory Committee explains that phrase. That is, it was not something someone else did with respect to the case which prevented him from filing a timely notice of appeal.  Instead, it was his own focus on preparing the Motion for Relief from Judgment.

Nor has Smith shown excusable neglect.  A notice of appeal is not a difficult document to prepare; as actually done by Smith in this case, the text is only two paragraphs long, plus a certificate of service (Doc. No. 148).  He did not need help from the prison staff to prepare it and he already knew from the Order and Judgment that his prior assisting inmate was not available to help, so the unavailability of those persons does not excuse the neglect.

Smith's *pro se* status and lack of knowledge of the law are also of no assistance to him. The laxity accorded *pro se* litigants applies to pleading standards, not to straightforward scheduling requirements which are as understandable by a layman as by a lawyer.  *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).  Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no special treatment is to be afforded to ordinary civil litigants who proceed *pro se.  Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988).

Nor is Smith entitled to more time because he received the Order and Judgment during the holidays.  The Rules already contain allowances for filings due when the courts are closed for legal holidays, and the time to appeal cannot be extended out of some sense of generosity expected to arise from the "Christmas spirit," if that is what Smith is obliquely arguing.

Moreover, as Defendants argue, Smith's asserted lack of legal sophistication is not to be taken at face value in light of his extended pre-trial practice in this Court.

In his Reply Memorandum, Smith again adverts at some length to slowdown of the prison during the holidays and the complex legal issues involved with Fed. R. Civ. P. 59 and 60 and what would have happened to district court jurisdiction if an appeal had been filed.  None of this serves to explain the inability to type a two-paragraph notice of appeal and mail it within thirty days of the Judgment.

Smith has filed multiple affidavits with his Reply Memorandum and invites further factual development.  The demonstrate that Steve Clemmons did legal work for Smith, but they are not material to the question of why, after Smith knew Clemmons was gone, he could not prepare and file a two-paragraph notice of appeal within thirty days.

### Conclusion

The Magistrate Judge confesses error in his prior conclusory finding of good cause.  Mr. Smith has demonstrated neither good cause nor excusable neglect and his Motion for Extension of Time to Appeal should be denied.

May 17, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).