IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BILLY M. SMITH,                           :

        Plaintiff,                    Case No. 3:10-cv-448

                                                          District Judge Thomas M. Rose
        -vs-                                                     Magistrate Judge Michael R. Merz

                                         :

MONTGOMERY COUNTY
 SHERIFF'S OFFICE, et al.,

        Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

    This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit (*Smith v. Montgomery County Sheriff's Office*, Case No. 13-3164, Order of March 26, 2013, copy at Doc. No. 153) to decide whether to grant Plaintiff's Motion for Extension of Time to File Appeal (Doc. No. 147).  After briefing (Doc. Nos. 155, 156), the Magistrate Judge filed a Report recommending the Motion be dismissed (Doc. No. 157).  Plaintiff objected (Doc No. 158), Defendants have responded to the Objections (Doc. No. 160), and Judge Rose has recommitted the matter for reconsideration in light of the Objections (Doc. No. 159).

    Having reviewed the Objections and Response, the Magistrate Judge concludes little additional analysis is needed.  The critical facts are that Smith knew of the final judgment in this case shortly after it was mailed to him on December 10, 2012.  All he had to do to preserve his right to appeal was to prepare a two-paragraph notice of appeal and hand it to prison authorities before January 9, 2013.  Handing it to the prison authorities would have preserved his right under *Houston v. Lack,* 487 U.S. 266 (1988), regardless of when they forwarded it to the Court or when the Court received it.  It is significant that, despite all the prisoner affidavits about work being

done for Smith and others by inmate Steve Clemmons and generalized slow-down for the holidays, Smith does not give the Court the date he actually received the final judgment or any cogent explanation of why he could not thereafter have prepared the simple notice of appeal and handed it in.

The Motion for Extension of Time should be denied.

June 24, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).